UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
--------------------------------------------------------x  
IN RE:

IBG ENTERPRISES, INC.

Debtor.  
--------------------------------------------------------x

Tax ID#11-2671938  
**Return Date:  12/17/14**  
**Time:  9:30 a.m.**  
Chapter 7

Case no.:  14-74862-reg

### NOTICE OF MOTION TO VACATE THE AUTOMATIC STAY

SIRS/MADAMS:

**PLEASE TAKE NOTICE**, that upon the annexed Application of  APEX

Mortgage Corp. ("APEX and Movant" herein), by its attorneys Macco & Stern, LLP,  a

hearing will come on to be heard before the Honorable Robert E. Grossman, United

States Bankruptcy Judge, on the **17th day  of December, 2014 at 9:30 a.m.**  at the

United States Bankruptcy Court, Room 860, Long Island Federal Courthouse, 290

Federal Plaza, Central Islip, New York 11722 or as soon thereafter as counsel can be

heard, for an Order vacating the automatic stay imposed under §362 of the Bankruptcy

Code against Movant as to the real property known as  43 Main Street, Hempstead, New

York 11550 (the "real property") to permit Movant to proceed with its foreclosure action

and sale against the real property, together with such other and further relief as this court

deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order

must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court, Eastern

District of New York, 290 Federal Plaza, Central Islip, New York, 11722, (a)(i) through the

Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which

may be accessed (with a password which is available by contacting the Bankruptcy Court's

technical assistance at 631-712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m. ) through

the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape

Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using

1

Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such

party shall submit the objection in PDF format on a diskette in an envelope with the case name,

case number, type and title of document, document number of the document to which the

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file

electronically or use PDF format, such party shall submit the objection on a diskette in either

Word, WordPerfect, or DOS text (ASC II) format.  An objection filed by a party with no legal

representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of

the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall

be hand-delivered directly to the Chambers of the Honorable Robert E. Grossman, and served so

as to be received by Macco & Stern, LLP, counsel to the debtor, 135 Pinelawn Road, Suite 120S,

Melville, New York 11747, Attn:  Richard L. Stern, Esq. no later than **December 12, 2014 .**

      **PLEASE TAKE FURTHER NOTICE**, that answering papers if any, shall be

filed with this Court, and served upon the undersigned within three (3) days of the return date of

this motion.

Dated:  Melville, New York
       November 7, 2014

                    MACCO & STERN, LLP
                    Attorneys for Movant
                    By: /s/ Richard L. Stern
                      RICHARD L. STERN
                      135 Pinelawn Road – Suite 120 South
                      Melville, New York 11747
                      (631) 549-7900

To:  Office of the United States Trustee
     Kenneth P. Silverman, Chapter 7 Trustee
     Marcus Monteiro, Esq. Attorney for the Debtor
     IBG Enterprises, Inc., Debtor
     All creditors and parties of interest

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE:                                                    Chapter 7

IBG ENTERPRISES, INC.                                     Case no.:  14-74862-reg


                             Debtor.

-----------------------------------------------------------x

**APPLICATION IN SUPPORT OF MOTION TO VACATE AUTOMATIC STAY**

TO:    THE HONORABLE ROBERT E. GROSSMAN
       UNITED STATES BANKRUPTCY JUDGE

       IBG Enterprises, Inc., ("APEX and Movant" herein), by its attorneys Macco &

Stern, LLP sets forth as follows:

<b>BACKGROUND</b>

       1.      IBG Enterprises, Inc. ("the Debtor herein"), filed a voluntary petition for

relief under Chapter 7 of the Bankruptcy Code on October 27, 2014.

       2.      Kenneth P. Silverman has been appointed Interim Trustee of this estate.

       3.      At the time of the filing of bankruptcy, the Debtor owned real property

located at 43 Mai Street, Hempstead, New York 11550 ("the real property").

       4.      Movant,  APEX Mortgage Corp. (APEX), holds consolidated first and

second mortgages on the real property.

       5.       The first mortgage and the promissory note were executed on or about

June 30, 1998 and the Debtor borrowed the sum of $316,000.00 from APEX.

       6.      Thereafter a second mortgage and note was executed by the Debtor on or

about February 10, 2000 in the sum of $41,533.98.  Annexed hereto as **Exhibit A** are

copies of the mortgages and mortgage notes.

       **7.**      On or about February 10, 2000 a Substitute Note and a Consolidation,

Modification and Extension Agreement (CMEA) with respect to the aforesaid mortgages and notes was executed by the Debtor and APEX with respect to the aforesaid mortgages which CMEA was filed and recorded with the Nassau County Clerk on February 25, 2000 to form a single lien in the sum of $353,600.00.  Thereafter, the Debtor and APEX executed a Modification and Extension Agreement dated January 7, 2010, which modified the monthly payment and due date of the mortgage loan which instrument was filed and recorded with the Nassau County Clerk on April 19, 2010.  **See Exhibit B.**

8.      On or about November 28, 2012, as a result of ongoing defaults by this Debtor with respect to the failure of the Debtor to pay outstanding mortgage obligations, APEX commenced a foreclosure action in the Supreme Court, State of New York, County of Suffolk under index number 12-014505.

9.      A Judgment of Foreclosure and Sale was dated May 13, 2014 by the Hon. Antonio I. Brandveen of the Supreme Court of the State of New York, Nassau County, and entered on May 19, 2014 and recorded on May 27, 2014  in the Nassau County Clerk's Office.

10.      A notice of entry of the Judgment of Foreclosure was filed with the Nassau County Clerk's Office on June 9, 2014. (**See Exhibit C**).

11.      A foreclosure sale was originally scheduled for September 9, 2014 and adjourned on consent of APEX and rescheduled for October 28, 2014.  The Debtor filed the chapter 7 petition on October 27, 2014 to stay the foreclosure sale.

## RELIEF REQUESTED

12.      The Debtor has been in default in any payments with respect to this loan since September 26, 2012 and that partial payment was applied to the July, 2012 payment due.  Therefore the Debtor is in arrears on payments for the past 28 months.

13.      The property which is the subject matter of this motion is a commercial

property with tenants although there are vacancies.  **See Exhibit D.**

14      Based on a recent valuation of the property, it has an approximate current value of $650,000.00.

15.      While the Debtor has set forth the valuation on Schedule A of $800,000, there is no basis in fact as to the real property being worth anything near that value other than probable speculation by the Debtor.

16.      Because of the ongoing default, Movant seeks to vacate the automatic stay to proceed with the foreclosure sale against the real property.

17.      As of the filing of the motion, APEX is owed the sum of $502,143.04 and the default amounts continue to accrue daily.

18.      In addition to the obligation owing to APEX, the title search reveals that there is a second mortgage lien on record from the Town of Hempstead Community Development in the original amount of $197,058.00.  Movant has been unable to ascertain information as to the current balance, if any, owing on the Town of Hempstead mortgage.

19.      The title lien search further reveals that there are tax liens recorded against the real property in the sum of $28,565.58 that continue to accrue interest.

20.      Furthermore, on December 1, 2014, there will be an additional village tax due of $10,008.97 and upcoming Town and County taxes for the first half of 2015 due January 1, 2015 which are estimated to be approximately $2,900.00.

21.      APEX will be obligated to pay an additional premium for forced placed insurance; continue to accrue interest on escrow advances; and mortgage interest continues to accrue at a rate of $89.83 per diem.

22.      Based on the foregoing, there is little or no equity to or for the benefit of this estate.

23.     Annexed hereto as **Exhibit E** is the real estate exhibit work sheet.

24.     It is submitted that the relief requested herein will be of no prejudice to the estate since any possible sale by the estate after payment of liens on the property will result in little or no benefit to the creditors of this estate.

WHEREFORE, it is respectfully requested that the annexed order vacating the automatic stay imposed under §362 of the Bankruptcy Code be approved, together with such other and further relief as this court deems just and proper.

Dated:  Melville, New York
        November 7, 2014                    MACCO & STERN, LLP
                                            Attorneys for Movant
                                            By: /s/ Richard L. Stern_____
                                              RICHARD L. STERN
                                              135 Pinelawn Road – Suite 120 South
                                              Melville, New York 11747
                                              (631) 549-7900

UNITED STATES BANKRUPTCY COURT       Tax ID#11-2671938
EASTERN DISTRICT OF NEW YORK
 --------------------------------------------------------x

IN RE:                                    Chapter 7

IBG ENTERPRISES, INC.                 Case no.:  14-74862-reg

                           Debtor.

                                        **ORDER VACATING**
**AUTOMATIC STAY**

 ------------------------------------------------------------X

        APEX Mortgage Corp., ("APEX and Movant" herein),  by its attorneys Macco & Stern, LLP, having moved this court pursuant to a notice of motion dated November 7, 2014, for an order vacating the automatic stay imposed under §362 of the Bankruptcy Code as to the Debtor, IBG Enterprises Inc. (hereinafter "Debtor") for the purpose of proceeding with a foreclosure sale as to the Debtor's  real property located at 43 Main Street, Hempstead, New York 11550; and this matter having come on for a hearing before the Court on the  17th  day of December,  2014; and Macco & Stern, LLP, as attorneys for APEX Mortgage Corp. having appeared in support of the motion, and after due deliberation by this court, it is

        ORDERED, that the automatic stay imposed against IBG Enterprises Inc. as to the real property known as 43 Main Street, Hempstead, New York 11550 is in all respects vacated, and it is further

        ORDERED, that in the event APEX Mortgage Corp. forecloses on the property and there exists surplus funds, the Chapter 7 Trustee, Kenneth P. Silverman, shall be notified of said surplus within ten (10) days of the foreclosure sale of the real property described herein.

Dated:  Central Islip, New York
               , 2014

                              _____
                              ROBERT E. GROSSMAN
                              United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT               Tax ID#11-2671938
EASTERN DISTRICT OF NEW YORK
 ----------------------------------------------------------x

IN RE:                                                      Chapter 7

IBG ENTERPRISES, INC.                                       Case no.:  14-74862-reg


                              Debtor.
                                              **AFFIDAVIT OF SERVICE**
 ----------------------------------------------------------x

JEANETTE HODGINS, being duly sworn deposes that deponent is not a party to the above-
captioned action is over the age of 18 years and resides at East Northport, New York.

On November 10, 2014, deponent served the within Motion to Vacate Stay upon the
following parties at the addresses designated by said parties for that purpose, by
depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in
an official depository under the exclusive care and custody of the United States Postal
Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722

Kenneth P. Silverman, Chapter 7 Trustee
Silverman Acampora, LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY  11753

Marcus Monteiro, Esq.
Attorney for the Debtor
Monteiro & Fishman LLP
91 North Franklin Street
Suite 108
Hempstead, NY  11550

IBG Enterprises Inc.
Debtor
43 Main Street
Hempstead, NY  11550

See mailing list

/s/ Jeanette Hodgins

_____
JEANETTE HODGINS

Sworn to before me this
    10th        day of November, 2014
/s/ Richard L. Stern
_____

NOTARY  PUBLIC
Richard L. Stern
Notary Public, State of New York
No. 02ST4665096, Suffolk County
Commission Expires April 30, 2018